UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD WAGNER,
     Plaintiff,

vs.

GLADES-PIKE INVESTORS, LLC and
ULTION LLC.,
     Defendants.

## COMPLAINT

Plaintiff, RICHARD WAGNER (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, GLADES-PIKE INVESTORS, LLC and ULTION LLC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.     The subject property is a restaurant located at 8177 Glades Road, Unit 21, Boca Raton, FL 33434 (hereinafter, the "Subject Premises").

3.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District and Palm Beach County.

1

## PARTIES

4.      Plaintiff, RICHARD WAGNER, is over the age of 18, *sui juris*, and a resident of Delaware County, Ohio. Plaintiff has been diagnosed with spinal paralysis, which limits his major life activities including but not limited to walking, and requires the use of a wheelchair for mobility purposes. Plaintiff is a qualified individual under the ADA.

5.      Defendant, GLADES-PIKE INVESTORS, LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

6.      Pursuant to the Palm Beach County Property Appraiser's Office, Defendant, GLADES-PIKE INVESTORS, LLC, is the owner of the Subject Premises.

7.      Defendant, ULTION LLC., is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the restaurant "BURNT SMOKEHOUSE AND BAR" located at Subject Premises.

8.      According to the Florida Department of Business and Professional Regulation, the Defendant, ULTION LLC., d/b/a BURNT SMOKEHOUSE AND BAR, was issued a Permanent Food Service Seating license on August 13, 2021 for the Subject Premises.

9.      BURNT SMOKEHOUSE AND BAR is a restaurant and bar offering food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and alcoholic and non-alcoholic beverages in a public accommodation intended for on-site dining and socializing. The Plaintiff enjoys BURNT SMOKEHOUSE AND BAR and appreciates the food offerings and dining experience provided at the establishment. However, despite the Plaintiff's interest in

2

patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. Plaintiff previously worked in South Florida for a period of time and is familiar with the area. Because of that experience, Plaintiff has a continuing interest in the region and intends to return to South Florida to enjoy its warm climate, amenities, and recreational opportunities.

13. Plaintiff intends to return to South Florida in the future for the weather and the wide range of activities and dining establishments available to members of the public.

14. In addition, Plaintiff is exploring the possibility of purchasing property in the South Florida area. As part of that process, Plaintiff visits various neighborhoods, businesses, and public accommodations to evaluate accessibility and overall suitability.

15. Because of Plaintiff's prior work history in South Florida and his interest in purchasing property in the region, Plaintiff has a concrete and genuine intent to return to the Subject Premises once the barriers to access are removed.

16.     Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

17.     Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

18.     Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

19.     Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

20.     As the Subject Premises was designed, constructed, and received its State Licensure in 2021, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

21.     The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

22.     Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

23.     Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

24.     Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

25.     Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>
**(Against All Defendants)**

26.     Plaintiff restates Paragraphs 1-25 as though fully set forth herein.

27.     Defendants, GLADES-PIKE INVESTORS, LLC and ULTION LLC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

28.     GLADES-PIKE INVESTORS, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**29.** ULTION LLC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**30.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Exterior Accessible Route**

**i. Non-Compliant Vertical Change in Level at Access Aisle Transition**
The transition from the accessible parking access aisle to the sidewalk contains a vertical change in level exceeding the maximum allowable ¼ inch, preventing Plaintiff and other individuals with mobility impairments from safely traveling along the accessible route to the entrance. This is a violation of ADAAG §§206, 206.2.1, 303, 303.2, 502, and 502.4. Reworking the transition area to eliminate excessive vertical changes in level is readily achievable.

**Entrance**

**ii. International Symbol of Accessibility Signage Not Provided**
The International Symbol of Accessibility signage is not provided at the entrance, preventing Plaintiff and other disabled individuals from identifying an accessible entrance. This is a violation of ADAAG §§216.6, 404.1, and 703.7.2.1. Installing compliant accessibility signage is readily achievable.

**iii. Floor Mat Not Secured**
The floor mat at the entrance is not secured to the floor, creating a potential tripping hazard for Plaintiff and other individuals with mobility impairments. This is a violation of ADAAG §§302 and 302.2. Securing or removing the floor mat is readily achievable.

**Service Counter**

**iv. Host Counter Exceeds Maximum Height**
The host service counter exceeds the maximum allowable height of 36 inches above the finished floor, preventing Plaintiff and other wheelchair users from utilizing the counter surface. This is a violation of ADAAG §§904.4, 904.4.1, and 904.4.2. Providing a compliant lowered section of the service counter is readily achievable.

### Bar Seating

### v. Lowered Section of Bar Counter Not Provided

A compliant lowered section of the bar counter is not provided at the bars, preventing Plaintiff and other individuals with mobility impairments from utilizing the bar seating area. This is a violation of ADAAG §§902 and 902.3. Providing a compliant lowered bar counter section is readily achievable.

### Men's Restroom

### vi. Door Closer Not Maintained

The accessible feature of the door closer to the restroom is not maintained, preventing the restroom door from properly functioning as required. This is a violation of ADAAG §103.1. Installing and maintaining a compliant door closer is readily achievable.

### vii. Door Not Self-Closing

The restroom door is not self-closing due to a broken door closer, preventing the door from functioning as required. This is a violation of ADAAG §§604.8 and 604.8.1.2. Repairing or replacing the door closer is readily achievable.

### viii. Latch-Side Maneuvering Clearance Not Provided at Door

Required latch-side maneuvering clearance is not provided due to the obstruction of the dual sink countertop, paper towel dispenser, and trash can, preventing Plaintiff and other individuals with disabilities from safely exiting the restroom. This is a violation of ADAAG §§404 and 404.2.4.1. Reconfiguring the doorway area or relocating the obstructions is readily achievable.

### ix. Pipes and Water Lines Not Insulated at Lavatory

The drainpipe and water supply lines underneath the double sink lavatory and lavatory inside the toilet compartment are not fully insulated, creating a risk of contact and injury to Plaintiff and other wheelchair users. This is a violation of ADAAG §§606 and 606.5. Insulating the pipes and water lines is readily achievable.

### x. Toilet Compartment Door Missing U-Pull

The toilet compartment door is missing a required u-pull on the inside of the door, preventing Plaintiff and other individuals with disabilities from easily closing the door. This is a violation of ADAAG §604.8.1.2. Installing a compliant u-pull is readily achievable.

### xi. Flush Controls Not Located on Open Side of Toilet

The toilet flush control is not located on the open side of the toilet, preventing Plaintiff and other individuals with disabilities from safely operating the flush control. This is a violation of ADAAG §§603 and 604.6. Installing a compliant flush control located on the open side is readily achievable.

**xii. Rear Grab Bar Not Installed in Compliant Location**
The rear wall grab bar is not installed in a compliant location, preventing Plaintiff and other individuals with disabilities from safely using the toilet. This is a violation of ADAAG §§603, 604.5, and 604.5.2. Installing the rear grab bar in a compliant location is readily achievable.

**xiii. Knee Clearance Not Provided at Lavatory**
Required knee clearance for a forward approach to the lavatory is not provided, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair at the sink. This is a violation of ADAAG §§306, 306.3, and 606.2. Providing a compliant wall-mounted lavatory with proper knee and toe clearance is readily achievable.

**xiv. Required Clearance Not Provided Around Water Closet**
Required clearance around the toilet perpendicular from the side wall is not provided due to the obstruction of the lavatory, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair. This is a violation of ADAAG §§305, 604, 604.3.1, and 604.8.1.1. Reconfiguring the restroom layout to provide compliant clearance is readily achievable.

**xv. Toilet Paper Dispenser Not in Compliant Location**
The toilet paper dispenser is not located in the required position in front of the toilet, preventing Plaintiff and other disabled individuals from properly accessing the dispenser. This is a violation of ADAAG §§603 and 604.7. Relocating the toilet paper dispenser to a compliant location is readily achievable.

**xvi. Clear Floor Space Not Provided at Soap Dispenser**
Clear floor space for an approach to the soap dispenser is not provided due to the obstruction created by the lavatory and the toilet. This is a violation of ADAAG §§305, 305.3, and 305.5. Relocating the soap dispenser to provide compliant clear floor space is readily achievable.

**xvii. Required Spacing Above Grab Bars Not Provided**
Required spacing above the rear and side wall grab bars is not provided due to the obstruction created by the soap dispenser and seat cover dispenser. This is a violation of ADAAG §§609 and 609.3. Relocating the soap dispenser to provide compliant spacing above the grab bar is readily achievable.

31.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until

Defendants are compelled to remove these barriers and comply with the ADA.

32.     Alternatively, to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff, is a staunch and devoted advocate of the rights of similarly situated disabled persons and is a "tester" for the rights of individuals with disabilities  to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

33.     Plaintiff previously worked in South Florida for a period of time and remains familiar with the region. Plaintiff intends to return to South Florida for its weather, recreational opportunities, and dining establishments, and he is currently exploring the possibility of purchasing property in the area. As part of this process, Plaintiff visits businesses and public accommodations in the region, including establishments similar to the Subject Premises. Plaintiff therefore has a concrete and genuine intent to return to the Subject Premises within the next six (6) months to avail himself of the goods and services offered therein and to verify that the Subject Premises has been brought into compliance with the ADA.

34.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

35.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the

physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

36.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

37.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

38.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com

10